UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   4:18-cv-00151 |
| ) | |
| $11,835.50 IN UNITED STATES CURRENCY ) | |
| (Asset Identification Number: 18-FBI-003567) ) | |
| AND A CHARTER ARMS 357 MAG PUG .38 ) | |
| CALIBER REVOLVER ) | |
| (Asset Identification Number: 18-FBI-002443), ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Eric P. Babbs, Special Assistant United States Attorney for the Southern District of Indiana, alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil *in rem* action seeking forfeiture of property pursuant to 21 U.S.C. § 881(a)(6) because the defendant currency constitutes proceeds of, or is money used to facilitate, a violation of the Controlled Substances Act.   This action also seeks forfeiture of the defendant firearm pursuant to 18 U.S.C. § 924(d) because the firearm was possessed by a convicted felon.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture, and action can be brought in a district in which any of the acts giving rise to the forfeiture occurred).

3. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b) (forfeiture action can be brought in district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture occurred in the Southern District of Indiana, and the defendant property is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANTS

5. The defendant property consists of eleven thousand eight hundred thirty-five dollars and fifty cents in United States Currency (Asset Identification Number: 18-FBI-003567) ("$11,835.50"), and a Charter Arms 357 Mag Pug .38 caliber revolver (Asset Identification Number: 18-FBI-002443) ("Charter Arms Revolver") (jointly the "defendant property").   The defendant property was seized on January 24, 2018, from the residence of William D. Weatherford, located at 3522 Coopers Lane, Jeffersonville, Indiana, 47172.   The Charter Arms Revolver meets the definition of firearm as described in the Gun Control Act, 18 U.S.C. § 921(a)(3).

## FACTS

6. On January 24, 2018, the defendant property was seized by local law enforcement officers working with the Federal Bureau of Investigation (the "FBI").   The FBI Safe Streets Gang Task Force has an ongoing investigation concerning a drug trafficking organization of which William D. Weatherford was identified as a main distributor.   This drug trafficking

organization is involved in the unlawful sale and distribution of cocaine, heroin, and marijuana in Southern Indiana and in the Louisville, Kentucky metropolitan area.

7. On January 24, 2018, a detective with the Clark County Sheriff's Office obtained a state search warrant for Weatherford's residence, located at 3522 Coopers Lane, Jeffersonville, Indiana, 47172. The warrant was based on (1) surveillance of the residence indicative of drug activity, and (2) a traffic stop of a vehicle that had just left Weatherford's residence. Upon questioning and a positive alert of a drug detection canine, the driver admitted that he had received eight Alprazolam pills from Weatherford's residence and was expected to pay Weatherford $3.00 per pill the following week.

8. When law enforcement conducted the January 24, 2018 search, five individuals were present at the residence: Weatherford and Jennifer Nally, who also resided at that address, and three individuals who were visitors. Nally confirmed that she had lived at the residence for approximately twelve (12) years.

9. In searching the property, which consisted of a two-bedroom home, the detached garage, and the RV parked on the property, law enforcement found: fourteen (14) clear plastic bags of green leafy material which subsequently tested positive for marijuana; digital scales; twenty-eight (28) peach and clear capsules; twenty-eight (28) pills marked "R-665" in a tan pill bottle with no label; thirty-four and one-half (34 ½) pills marked "974 3/0" (suspected Adderall) in a tan pill bottle labeled with someone else's name; a security DVR system; empty plastic baggies; shredded plastic wrappers/baggies; a zip lock vacuum sealer system; a box of Fiocchi 38 special ammunition; a box of Federal 357 caliber ammunition; and a black plastic case containing the Charter Arms Revolver.

10. The Charter Arms Revolver was found on the floor beside the bed in

Weatherford's bedroom, and it was loaded. The boxes of ammunition were found on a kitchen counter inside the RV. The bags of marijuana were found inside a black luggage case in the garage. The marijuana weighed approximately 16.26 pounds.

11. Also during the seizure, law enforcement seized $26,658.50 in United States Currency. The currency was located in the following areas:

- $24,723.00 in nine bundles in a dresser drawer of Weatherford's bedroom
- $1,235.00 in Weatherford's pants' pocket at the time of his arrest
- $365.00 in a gray jacket in Weatherford's bedroom
- $335.50 in coins, found in a white cooler in Weatherford's bedroom

In addition, a black binder containing sheets of United States Currency totaling $324.00 was located. The currency in the binder was determined to be a money collection passed down from Weatherford's father, and the Government is not seeking forfeiture of this asset.

12. Nally was interviewed at the scene after being read her *Miranda* rights. Nally stated that the approximately one ounce of marijuana found on her person was for her personal use, but denied knowledge of other marijuana or drugs on the property. Nally stated that Weatherford was her boyfriend of about ten years. An inquiry of the vehicle identification number for the RV showed that Nally was the RV's registered owner. When Nally was searched, a small amount of marijuana was found on her person.

13. When Weatherford was interviewed at the scene, he stated that the firearm was "on her [*i.e.*, Nally's] side of the bed." Weatherford stated that he was not employed and had not been employed for some time. Weatherford stated that the large amount of United States Currency found on the property belonged to him and that he had saved it $200 to $475 at a time from occasional work he had done for Doyle's Window Tinting.

14. On April 3, 2018, Robert Doyle from Doyle's Window Tinting was interviewed. Doyle confirmed that Weatherford, in 2017, worked on vehicles only for Doyle and not for Doyle's Window Tinting. Doyle stated that he had paid Weatherford $500 to $1,000 in total for all manual labor jobs.

15. As a result of the investigation, Weatherford was charged in state court with dealing in marijuana at least ten pounds, a level 5 felony; unlawful possession of a firearm by a violent felon, a level 4 felony; maintaining a common nuisance, a level 6 felony; and unlawful possession or use of a legend drug, a level 6 felony. (*State of Indiana v. William Weatherford*, Clark County, Cause No. 10C02-1802-F4-000006). A jury trial is scheduled for January 8, 2019.

16. Following the investigation, Nally was also charged in state court with maintaining a common nuisance, a level 6 felony; unlawful possession or use of a legend drug, a level 6 felony; and possession of marijuana, a class B misdemeanor. (*State of Indiana v. Jennifer Nally*, Clark County, Cause No. 10C02-1802-F6-00211). A jury trial is scheduled for January 8, 2019.

17. The following photographs illustrate some of the evidence that was seized on January 24, 2018:









18.     As acknowledged by Nally in her interview, the Weatherford/Nally residence had been the site of a search and seizure previously, in February 2015.   In the February 2015 search, the Clarksville Police Department found approximately $78,000 in United States Currency, approximately twenty-one (21) pounds of marijuana, and an assortment of oxycodone, hydrocodone, amphetamine/dextroamphetamine, and buprenorphine packaged for sale.   That money was forfeited to the Government, with Weatherford and Nally being provided notice, except for approximately $2,000 that was returned to Weatherford or his attorney.

19.     Weatherford is also a previously convicted felon.   On October 3, 2016, Weatherford pled guilty to dealing in cocaine or a narcotic drug at least ten grams, a level 4 felony, and to dealing in marijuana at least ten pounds, a level 5 felony.   (*State of Indiana v.*

8

*William Weatherford,* Clark County, Cause No. 10C02-1502-F2-00005). As a result of his conviction and sentence, Weatherford was on probation at the time of the search.

## ADMINISTRATIVE FORFEITURE PROCEEDINGS

20. The Clark County Prosecutor's Office requested, and the state court issued, a turnover order to transfer possession of the seized property "to an appropriate representative of the [FBI] for the purpose of pursuing forfeiture of the property as authorized by federal law." The FBI initiated administrative forfeiture proceedings as to the seized property. All of the written notice of intent to forfeit required by 18 U.S.C. § 983(a)(1)(A) to be sent by the FBI to interested parties was sent.

21. On April 25, 2018, the FBI received a claim to the defendant property on behalf of Nally. Nally claimed that the Charter Arms Revolver was hers from a private sale, and asserted that she "had $1,500 cash on [her] person at the time the police searched the home," had "[a]pproximately $5000.00" in one-dollar bills saved over the course of time, had $5,000.00 in rent money from the 36 Center Street, Jeffersonville property she owned, and had collected the $335.50 in rolled coins.

22. No other person has filed a claim to the defendant property as required by law in the administrative forfeiture proceeding. The time has expired for additional persons to file a claim to the defendant property under 18 U.S.C. § 983(a)(2)(A)-(E). Upon the filing of Nally's claim, the FBI transmitted the claim to the United States Attorney for the purpose of initiating a judicial forfeiture against the defendant property.

## PERTINENT STATUTES AND REGULATIONS

23. The $11,835.50 is subject to forfeiture under Title 21, United States Code, Section 881(a)(6), as the facts support a reasonable belief this money represents drug proceeds or was

9

furnished or intended to be furnished in exchange for a controlled substance. The Charter Arms Revolver is subject to forfeiture under Title 18, United States Code, Section 924(d), as the facts support a reasonable belief that Weatherford involved or used this firearm in a knowing violation of 18 U.S.C. § 922(g), which prohibits the possession of firearms by convicted felons.

24. Marijuana is a Schedule I, non-narcotic controlled substance. 21 U.S.C. § 812(c); 21 C.F.R. § 1308.11(d).

25. Alprazolam (Xanax) is a Schedule IV controlled substance. 21 C.F.R. § 1308.14(c).

26. Title 21, United States Code, Section 881(a)(6), provides that "[a]ll moneys . . . or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance" shall be subject to forfeiture, and no property rights shall exist in them. That section also provides that "all proceeds" traceable to the distribution of a controlled substance shall be subject to forfeiture, and no property rights shall exist in them.

27. The Gun Control Act, as amended, makes it unlawful for certain persons, including felons (*i.e.*, persons convicted of crimes punishable by more than one year in prison), to possess firearms or ammunition. 18 U.S.C. § 922(g). Possession may be either actual or constructive; it need not be exclusive, but may be joint. *United States v. Garrett*, 903 F.2d 1105, 1110 (7th Cir. 1990).

28. Further, the Gun Control Act makes it unlawful for a person who is an unlawful user of any controlled substance to ship, transport, possess, or receive any firearm or ammunition. 18 U.S.C. § 922(g)(3).

29. Title 18, United States Code, Section 924(d)(1) provides that "any firearm or ammunition involved in or used in any knowing violation of [Section 922(g)] . . . shall be subject

to seizure and forfeiture."

## CLAIM FOR RELIEF

30. Based on the foregoing facts, the $11,835.50 is "money[] . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "money[] .. used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 801 *et seq*.]," and is therefore subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6). Further, the Charter Arms Revolver has been "involved in or used in [a] knowing violation of [18 U.S.C. §] 922(g)" and is therefore subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1).

WHEREFORE, the United States prays that process of warrant *in rem* issue for the arrest of the defendant property; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States for disposition according to law; and that the United States be granted such other relief as this Court may deem just and proper.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   /s Eric P. Babbs  
     Eric P. Babbs
     Special Assistant United States Attorney
     Office of the United States Attorney
     10 W. Market St., Suite 2100
     Indianapolis, Indiana 46204-3048
     Telephone: (317) 226-6333
     Fax: (317) 226-5027

## VERIFICATION

I, Todd J. Brown, hereby verify and declare under penalty of perjury that I am a Special Agent for United States Federal Bureau of Investigation ("FBI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with FBI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 08/16/2018

Todd J. Brown
Special Agent
FBI

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|  | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  | ☐ 380 Other Personal Property Damage |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise |  | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
|  |  |  |  |  | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation |  | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____     DOCKET NUMBER _____

DATE                              SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>  )  <br>Plaintiff,  )  <br>  )  <br>v.  )  <br>  )  <br>$11,835.50 IN UNITED STATES CURRENCY  )  <br>(Asset Identification Number: 18-FBI-003567)  )  <br>AND A CHARTER ARMS 357 MAG PUG .38  )  <br>CALIBER REVOLVER  )  <br>(Asset Identification Number: 18-FBI-002443),  )  <br>  )  <br>Defendants.  )  | No. 4:18-cv-00151 |

WARRANT FOR ARREST OF PROPERTY

TO:   ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 5th day of June, 2018, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against Eleven thousand eight hundred thirty five dollars fifty cents in United States Currency ("$11,835.50"), and Charter Arms 357 Mag Pug .38 Caliber Revolver ("Revolver"), defendants herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant funds into the possession of the United States Marshals for the Southern District of Indiana, to be detained in the possession of the Marshals until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____

_____
Laura A. Briggs, Clerk
United States District Court
Southern District of Indiana

Copy to:

Eric P. Babbs, Special Assistant United States Attorney
United States Attorney's Office
10 West Market Street
Suite 2100
Indianapolis, IN  46204-3048
Eric.Babbs@usdoj.gov

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(I) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.